Curia, per O’Neall, J.
In this matter I think I was in error in holding, that the prisoner, who had procured his bail to surrender him, could not take the oath under the insolvent debtors’ Act.
The terms of the oath, if looked to alone, would exclude him: but the 12th section of the Act, which was not brought to my attention, expressly provides for the case of one surrendering himself.
The same thing is repeated in the 6th section of the prison bounds’ Act.
*428 These provisions clearly shew, that if, in other respects, the prisoner complied with the law, he was entitled to his discharge.
It is, however, necessary to modify the oath, so as to adapt it to this state of things.
The oath as given in Miller’s Comp. 172, is approved, and it is only necessary in the case of a surrender by bail, or by the party in discharge of his bail, after the word “ procurement ” to insert the words, “ in your caption and detention under and by virtue of the bail writ, in the case of A. B. vs. yourself.”
In this case, as the plaintiffs may have other grounds to allege against the prisoner’s discharge, it is ordered that his application be remanded to the Circuit Court for Sumter district, and that the plaintiffs, at whose suit he is confined, have leave to file such suggestion as they may choose, contesting his schedule or setting out other objections to his discharge at any time within thirty days before the session of the next Court.
Evans, Frost, Withers and Whitner, JJ. concurred.